IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH - OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>               Plaintiff,<br>vs.<br><br>COGNATE BIOSERVICES, INC., successor by merger to ARTECEL, INC.,<br><br>               Defendant. | Civil Action No. 2:15-cv-01049 (TFM)<br><br>Judge Terrence F. McVerry<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiff, University of Pittsburgh - Of the Commonwealth System of Higher Education ("University"), by and through its attorneys, Tucker Arensberg, P.C. hereby files the within Answer and Affirmative Defenses to Counterclaim, stating as follows:

## ANSWER TO COUNTERCLAIM

1. Upon information and belief, the averments of paragraph 1 of the Counterclaim are admitted.

2. The averments of paragraph 2 of the Counterclaim are admitted.

3. The averments of paragraph 3 of the Counterclaim are conclusions of law to which no response is required.

4. The averments of paragraph 4 of the Counterclaim are conclusions of law to which no response is required.

5. The averments of paragraph 5 of the Counterclaim are admitted.

6-11. The averments of paragraphs 6 through 11 of the Counterclaim are denied as stated to the extent they attempt to describe or otherwise characterize the contents of the Artecel Agreement. The Artecel Agreement is a written document which speaks for itself.

12. The averments of paragraph 12 of the Counterclaim are admitted in part and denied in part. It is admitted only that Artecel has continually refused to pay the University the attorneys' fees it is rightfully owed under the Artecel License. The remainder of the averments of paragraph 12 of the Counterclaim are denied.

13. The averments of paragraph 13 of the Counterclaim are admitted in part and denied in part. It is admitted that the University declared Artecel in default of the Artecel License in December 2012, however the exact amount owed to the University at that time under the License was $52,591.89 (of which, $22,000 represented the repayment of prior counsel fees expressly agreed to by Artecel under of Article 6.2 of the License). The remainder of the averments of paragraph 13 of the Counterclaim are denied.

14. The averments of paragraph 14 of the Counterclaim are denied.

15. The averments of paragraph 15 of the Counterclaim are admitted in part and denied in part. It is admitted that the University issued default notices in April 2014 and March 2015, and terminated the Artecel License on May 11, 2015. It is further admitted that the attorneys' fees which Artecel is obligated to pay has grown to an amount in excess of $350,000. To be exact, the amount owed by Artecel is $384,701.12. The remainder of the averments of paragraph 15 of the Counterclaim are denied.

16. The averments of paragraph 16 of the Counterclaim are denied.

17. The averments of paragraph 17 of the Counterclaim are admitted in part and denied in part. It is admitted only that the University and Artecel discussed the possibility of a sublicense to a third party known as Magellan. The remainder of the averments of paragraph 17 of the Counterclaim are denied.

18. The averments of paragraph 18 of the Counterclaim are denied.

19. The averments of paragraph 19 of the Counterclaim are conclusions of law to which no response is required. To the extent that a response may be deemed necessary, said averments are denied.

20. The averments of paragraph 20 of the Counterclaim are denied.

21. The averments of paragraph 21 of the Counterclaim are denied.

22. The averments of paragraphs 1 through 21 of this Answer and Affirmative Defenses to Counterclaim are incorporated herein by reference as if set forth at length.

23. The averments of paragraph 23 of the Counterclaim are conclusions of law to which no response is required.

24. The averments of paragraph 24 of the Counterclaim are conclusions of law to which no response is required.

25. The averments of paragraph 25 of the Counterclaim are conclusions of law to which no response is required. To the extent that a response may be deemed necessary, said averments are denied.

WHEREFORE, Plaintiff, University of Pittsburgh - Of the Commonwealth System of Higher Education, demands judgment in its favor and against Defendant, Cognate Bioservices, Inc., on its Counterclaim. Plaintiff further demands judgment in its favor on those claims set forth in its Complaint in the amount of $384,701.12, together with interest, costs of suit, and any other relief which this Court deems just and proper.

## **AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

1. Defendant has failed to state a claim upon which relief can be granted.

2. Defendant is not entitled to an award of attorneys' fees under the Artecel License, under Pennsylvania statutory or common law, or otherwise.

3. Defendant's claims are barred by the applicable statute of limitations.

4. Defendant's claims are barred by the doctrine of laches.

5. Defendant's claims are barred by the doctrines of waiver and estoppel.

6. Defendant's claims are barred by its own unclean hands.

7. Defendant's claims are barred by the doctrine of accord and satisfaction.

8. To the extent Defendant is entitled to recover on its Counterclaim, Plaintiff is entitled to a set off for those amounts to which Defendant has been unjustly enriched as a result of the License.

9. The University expressly reserves the right to assert any additional affirmative defenses that it deems appropriate based upon facts made known through the course of discovery in this action.

WHEREFORE, Plaintiff, University of Pittsburgh - Of the Commonwealth System of Higher Education, demands judgment in its favor and against Defendant, Cognate Bioservices, Inc., on its Counterclaim. Plaintiff further demands judgment in its favor on those claims set forth in its Complaint in the amount of $384,701.12, together with interest, costs of suit, and any other relief which this Court deems just and proper.

    Respectfully submitted,

    TUCKER ARENSBERG, P.C.

    By:    s/Christopher W. Cahillane

    Christopher W. Cahillane, Esquire
    Pa. I.D. No. 75977
    *ccahillane@tuckerlaw.com*

    1500 One PPG Place
    Pittsburgh, PA 15222
    (412) 566-1212

    Counsel for Plaintiff, University of Pittsburgh - Of the Commonwealth System of Higher Education

**JURY TRIAL DEMANDED**

LIT:598293-1 000017-170324